## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

### 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT
### WITH DEMAND FOR JURY TRIAL

**RANDALL T. PRATER,**
   **Plaintiff,**

VS.                           CASE NO.: 3:22-cv-888-BJD-PDB

RICKY DIXON, Current Secretary, Department of Corrections
   Defendant #1
Official Capacity

WALTER A. McNEIL, Past Secretary, Department of Corrections
   Defendant #2
Individual Capacity

HARRY K. SINGLETARY, Past Secretary, Department of Corrections
   Defendant #3
Individual Capacity

KENNETH S. TUCKER, Past Secretary, Department of Corrections
   Defendant #4
Individual Capacity

MICHAEL W. MOORE, Past Secretary, Department of Corrections
   Defendant #5
Individual Capacity

MICHAEL D. CREWS, Past Secretary, Department of Corrections
   Defendant #6
Individual Capacity

JAMES R. McDONOUGH, Past Secretary, Department of Corrections
   Defendant #7
Individual Capacity

JULIE L. JONES, Past Secretary Department of Corrections
   Defendant #8
Individual Capacity

MARK INCH, Past Secretary
   Defendant #9

DOCTOR A. LLORENS, CHO
   Defendant #10

- Page 1 of 24 -

Individual Capacity

CORIZON HEALTH, Inc.
   Defendant #11
Individual Capacity

CENTURION OF FLORIDA, LLC
   Defendant #13
Individual Capacity

DOCTOR L. QUINONES,
   Defendant #15
Individual Capacity

DOCTOR L. MELENDEZ,,
   Defendant #17
Individual Capacity

DOCTOR TUONG NGUYEN,
   Defendant #19
Individual Capacity

DOCTOR A. NAZARENO,
   Defendant #21
Individual Capacity

DOCTOR L. DELA TORRE,
   Defendant #23
Individual Capacity

DOCTOR V. HOLOWATSCH,
   Defendant #25
Individual Capacity

Individual Capacity

DOCTOR N. DONG,
   Defendant #12
Individual Capacity

DOCTOR H. MACH,
   Defendant #14
Individual Capacity

DOCTOR G. CAMACHO,
   Defendant #16
Individual Capacity

DOCTOR J. AVILES,
   Defendant #18
Individual Capacity

T. BOWDEN,
   Defendant #20
Individual Capacity

MICHELLE SCHOUEST,
   Defendant #22
Individual Capacity

DOCTOR ERNESTO L. TOLEDO,
   Defendant #24
Individual Capacity

DOCTOR R. LA FONTANT,
   Defendant #26
Individual Capacity

## I.    PLAINTIFFS

(1)    Name of Plaintiff:       Randall T. Prater

       Inmate Number:        #099405

       Prison or Jail:          Union Correctional Institution

       Mailing Address:       P.O. Box 1000
                                   Raiford, Florida 32083

## II.    DEFENDANTS

(1)    Defendant's Name:      **RICKY DIXON,**

       Official Possition:       Secretary

       Employed At:           Department of Corrections

       Mailing Address:       501 S. Calhoun Street
                                   Tallahassee, Fla. 32399-2500

                                   Official Capacity/Individual Capacity

(2)    Defendant's Name:      **HARRY K. SINGLETARY,**

       Official Possition:       Past Secretary

       Employed At:           Department of Corrections

       Mailing Address:       501 S. Calhoun Street
                                   Tallahassee, Fla. 32399-2500

                                   Individual Capacity

(3)    Defendant's Name:      **MICHAEL W. MOORE,**

       Official Possition:       Past Secretary

       Employed At:           Department of Corrections

       Mailing Address:       501 S. Calhoun Street
                                   Tallahassee, Fla. 32399-2500

                                   Individual Capacity

(4)    Defendant's Name:      **JAMES R. McDONOUGH,**

Official Position:     Past Secretary
Employed At:          Department of Corrections
Mailing Address:      501 S. Calhoun Street
                      Tallahassee, Fla. 32399-2500

Individual Capacity

(5)   Defendant's Name:    **WALTER A. McNEIL,**
      Official Possition:   Past Secretary
      Employed At:          Department of Corrections
      Mailing Address:      501 S. Calhoun Street
                            Tallahassee, Fla. 32399-2500

      Individual Capacity

(6)   Defendant's Name:    **KENNETH S. TUCKER,**
      Official Position:    Past Secretary
      Employed At:          Department of Corrections
      Mailing Address:      501 S. Calhoun Street
                            Tallahassee, Fla. 32399-2500

      Individual Capacity

(7)   Defendant's Name:    **MICHAEL D. CREWS,**
      Official Position:    Past Secretary
      Employed At:          Department of Corrections
      Mailing Address:      501 S. Calhoun Street
                            Tallahassee, Fla. 32399-2500

      Individual Capacity

(8)   Defendant's Name:    **JULIE L. JONES,**
      Official Possition:   Past Secretary
      Employed At:          Department of Corrections
      Mailing Address:      501 S. Calhoun Street
                            Tallahassee, Fla. 32399-2500

Individual Capacity

(9)  Defendant's Name:  **MARK INCH,**
     Official Position:  Past Secretary
     Employed At:  Department of Corrections
     Mailing Address:  501 S. Calhoun Street
                       Tallahassee, Fla. 32399-2500

     Official Capacity/Individual Capacity

(10) Defendant's Name:  **CORIZON HEALTH, Inc.**
     Official Position:  Former Contract Medical Provider For The FDC
     Employed At:  Corizon Health, Inc.
     Mailing Address:  12647 Olive Blvd.
                       St. Louis, Missouri. 63141

     Official Capacity

(11) Defendant's Name:  **CENTURION Of FLORIDA, LLC**
     Official Position:  Current Contract Medical Provider For The FDC
     Employed At:
     Mailing Address:  Paddock Park Prof. Bldg.
                       3200S.W. 34th Ave. Bldg. 700, Suite 701
                       Ocala, Fla. 34474

     Official & Individual Capacity

(12) Defendant's Name:  **L. Quinones**
     Official Position:  Medical Doctor
     Employed At:  Union Correctional Institution
     Mailing Address:  P.O. Box 1000
                       Raiford, Florida 32083

     Individual Capacity

(13) Defendant's Name:  **L. Melendez**

Official Position:      Medical Doctor
Employed At:            Union Correctional Institution
Mailing Address:        P.O. Box 1000
                        Raiford, Florida 32083

                        Individual Capacity

(14)  Defendant's Name:    **Tuong Nguyen**
      Official Position:    Medical Doctor
      Employed At:          Union Correctional Institution
      Mailing Address:      P.O. Box 1000
                            Raiford, Florida 32083

                            Individual Capacity

(15)  Defendant's Name:    **A. Nazareno**
      Official Position:    Medical Doctor
      Employed At:          Union Correctional Institution
      Mailing Address:      P.O. Box 1000
                            Raiford, Florida 32083

                            Individual Capacity

(16)  Defendant's Name:    **L. dela Torre**
      Official Position:    Medical Doctor
      Employed At:          Union Correctional Institution
      Mailing Address:      P.O. Box 1000
                            Raiford, Florida 32083

                            Individual Capacity

(17)  Defendant's Name:    **J. Aviles**
      Official Position:    Medical Doctor
      Employed At:          Union Correctional Institution
      Mailing Address:      P.O. Box 1000
                            Raiford, Florida 32083

Individual Capacity

(18) Defendant's Name: **V. Holowatsch**
Official Position: Medical Doctor
Employed At: Union Correctional Institution
Mailing Address: P.O. Box 1000
Raiford, Florida 32083

Individual Capacity

(19) Defendant's Name: **A. Llorens, CHO**
Official Position: Medical Doctor
Employed At: Union Correctional Institution
Mailing Address: P.O. Box 1000
Raiford, Florida 32083

Individual Capacity

(20) Defendant's Name: **N. Dong**
Official Position: Medical Doctor
Employed At: Union Correctional Institution
Mailing Address: P.O. Box 1000
Raiford, Florida 32083

Individual Capacity

(21) Defendant's Name: **H. Mach**
Official Position: Medical Doctor
Employed At: Union Correctional Institution
Mailing Address: P.O. Box 1000
Raiford, Florida 32083

Individual Capacity

(22) Defendant's Name: **G. Camacho**
Official Position: Medical Doctor

Employed At:          Union Correctional Institution
Mailing Address:      P.O. Box 1000
                      Raiford, Florida 32083

                      Individual Capacity

(23)  Defendant's Name:   **R. Lafontant**
      Official Position:   Medical Doctor
      Employed At:         Union Correctional Institution
      Mailing Address:     P.O. Box 1000
                           Raiford, Florida 32083

                           Individual Capacity

(24)  Defendant's Name:   **Ernesto L. Toledo**
      Official Position:   Medical Doctor, CHO
      Employed At:         Union Correctional Institution
      Mailing Address:     P.O. Box 1000
                           Raiford, Florida 32083

                           Individual Capacity

(25)  Defendant's Name:   **Michelle Schouest**
      Official Position:   Impaired Inmate Services Coordinator
      Employed At:         Department of Correction
      Mailing Address:     501 South Calhoun Street
                           Tallahassee, Florida 32399-2500

                           Individual Capacity

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding condition or events in any prison, jail, or detention center. 42 U.S.C.§1997e(a). Plaintiff must submit copies of all grievances, appeals, and responses with this complaint to verify exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.

**A.**    The complaint does concern events occurring within the Florida Department of Corrections.

Informal grievance was filed and is attached as Appendix 1-39.
A Formal Grievance was filed and is attached as Appendix 1-39
A Formal Grievance Appeal was filed and is attached as Appendix 1-39.
There was no disciplinary action involed.

**B.**    This complaint does not involve a county jail.

## IV.    PREVIOUS LAWSUITS

NOTE FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

**A.** Have you initiated other actions in <u>state court</u> dealing with the same or similar facts/issues involved in this action? **NONE? (No documents)**

**B.** Have you initiated other actions in federal court dealing with the same or *similar* facts/issues involved in this action? **NONE? (No documents)**

(Attach additional pages as necessary to list state court cases.)

**C.** Have you initiated <u>other actions</u> (*besides those listed above in Questions (A) and (B))* in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)? <u>YES.</u>

<u>I have filed Mandamus's & Declaratory Judgments in the Second Judicial Circuit, Leon County, Florida. I believe these documents were dealing with the rules of the Department of Corrections and how they were being applied to me. I was sanctioned in *Prater v. McDonough*, 947 So.2d. 538 (Fla. 1st DCA 2006) and told that if I wanted to file any other pro se cases in Leon County, I would have to pay the filing fee first or have an attorney. I have not filed any action since because I could not afford the filing fee, nor could I find an attorney because there was not enough money in it to represent me, and none that I ask would represent me pro bono. (See Appx:</u>

<u>49-50) (I do not have copies of these files because during transferes hey were lost).</u>

**D.** Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each     and every case so dismissed: **NO?**

<u>I believe I only filed one (1) Civil Rights Complaint in the Middle District or the Northern District concerning retaliation. If I remember correctly, the case was dismissed because I could not attach copies of the completed grievance. I ask for the grievances through the Public Request request but was denied by Department of Correction. I requested a court order from the court but they refused to compel the Department of Correction to produce the grievances. (Note: During my transfers, the Department of Correction through out all of my grievances).</u>

## STATEMENT OF FACTS

## PARTIES

## PLAINTIFF

*1)*     **Mr. Prater** is the Plaintiff and was at all times relevant a prisoner in the custody of the Florida Department of Correction. Mr. Prater is currently incarcerated at Union Correctional Institution. And was under the medical care of the Florida Department of Corrections from **9/25/1985** through **9/15/2013**. Under the care of Corizon from **9/15/2013** through **4/24/2016** and is now under the medical care of Centurion of Florida from **4/24/2016** through the present by contractual agreement with the Department of Correction.

## DEFENDANTS

*2)*     **Mr. Dixon** is a Defendant and is the current Secretary of the Department of Correction. He replaced former Secretary **Inch**. As Secretary of Department of Correction, Defendant is responsible for the overall operation of the Department of Correction, including the operations of Florida's prison system in

compliance with the Constitution. Defendant has a non-delegable duty to provide constitutionally adequate medical care to all persons in his custody. As Secretary of the Department of Correction any actions of Department of Correction, its agents, or employees is imputed on Defendant. This Defendant has statutory authority to implement the relief sought in this complaint. The actions of Defendant and his employees and agents were performing under color of state law and constitute state action. The Plaintiff filed multiple medical grievances to this defendant but they were denied.

*3)*    **Defendants Singletary, McNeil, Singletary, Tucker, Moore, Crews, McDonough, Jones, Inch** served as the past Secretary of the Department of Correction and as such the Defendants was responsible for the overall operation of the Department of Correction, including the operations of Florida's prison system in compliance with the Constitution. Defendants had a non-delegable duty to provide constitutionally adequate medical care to all persons in his custody. As Secretary of the Department of Correction any actions of Department of Correction, its agents, or employees is imputed on Defendant. These Defendants had statutory authority to implement the relief sought in this complaint. The actions of Defendants and their employees and agents were performing under color of state law and constitute state action. The Plaintiff filed medical grievances to these defendants but they were denied.

*4)*    **Defendant Corizon** and their agents, was a medical contractor to provide medical treatment for the inmates in the Department of Correction from **September 15, 2013 to April 24, 2016**. They had the contract before Centurion and refused to treat the Plaintiff medical problems because of their policies, procedures an Directives as well as it cost too much. The actions of this Defendant were performing under color of state law and constitute state action.

*5)*    **Defendant Centurion**, and their agents, are the current medical provider as of **4/24/2016 through the present**, by contractual agreement with the Department of Corrections to provide medical treatment for the inmates in the Department of Correction. They took over the contract from Corizon and refused to treat the Plaintiff's medical problems because of their policies, procedures and Directives as well as it cost too much. The actions of this Defendant were performing under color of state law and constitute state action.

*6)*    **Defendants Dixon, Mcneil, Singletary, Tucker, Moore, Crews, Mcdonough, Jones, Inch, Schouest, Bowden**, was aware of my condition and the fact that the medical department was refusing to treat me for diabetes through the grievance process, phone calls from the Plaintiff's family and verble communication from the Plaintiff but they refused to order treatment for the Plaintiff.

*7)*    **Defendants Llorens, Corizon, Dong, Centurion, Mach, Quinones, Camacho, Melendez, Nguyen, Nazareno, Dela Torre, Aviles, Holowatsch, LaFontant, Toledo** worked for or contracted to the Department of Corrections, from **@9/25/1985 through the present** and was responsible for providing medical treatment for the Plaintiff during the time of his incarceration. The Plaintiff requested treatment from these employees on numerous occasions throughout the years through sick-call, Out Patient Clinic call-outs, phone calls from family and verbal communication from the Plaintiff but was refused due to the medical provider's policies, procedures, directives and customs as well as their desire to cut the cost of treatment to inmates as told to the Plaintiff by staff members. The Defendants failed to provide treatment for the Plaintiff's diabetes which caused the Plaintiff to have "**End Stage Renal Disease**", which requires Mr. Prater to have dialysis treatment three times a week for life in order to stay alive.

*8)*    The failure to treat the Plaintiff also caused chronic heart disease in which Mr. Prater had to have a quadruple by-pass surgery of his heart. The actions of these Defendant were performing under color of state law and constitute state action. The failure to treat the Plaintiff is an ongoing problem.

## DIABETES

*9)*    Diabetes is a serious medical need.

*10)*    If diabetes is not treated in a timely manner, it can and will cause irreparable damage to the kidneys and cause **"End Stage Renal Disease"** resulting in an early death such as the current condition of the Plaintiff.

*11)*    If diabetes is not treated in a timely manner, it can and will cause irreparable damage to the heart by causing **"Chronic Heart Disease"** which leads to an early death such as the current condition of the Plaintiff.

*12)*    People with chronic diabetes, if left unchecked, can and eventually will lose fingers, arms, toes, feet and legs, and because of the loss of limbs, patients often get infected and can cause an early death.

*13)*    Plaintiff Prater came into the custody of the Defendants on September September 25, 1985.

*14)*    In or around 1993, and throughout the years, the Plaintiff was diagnosed by **Defendants Llorens, Corizon, Dong, Centurion, Mach, Quinones, Camacho, Melendez, Nguyen, Nazareno, Dela Torre, Aviles, Holowatsch, LaFontant, Toledo** as being a borderline diabetic but never placed Mr. Prater on accu-check or insulin medication as requested by him. All of these medical providers worked for Defendants FDOC, Corizon & Centurion.

*15)*    The Plaintiff repeatedly requested these Defendants to treat his diabetes or at the very least place him on accu-checks in order to monitor his diabetes for treatment. The doctors refused stating that there policy, procedures,

directives and customs, was to monitor borderline diabetics by blood test every three to six months.

*16)*   Sometime in the year or around 2010, the Plaintiff started showing the first stages of **Kidney disease** which resulted in **End Stage Renal Disease** because he was not treated for his diabetes.

*17)*   Sometime in or around the year 2016, **Defendant Melendez**, after reviewing the Plaintiff's entire medical record told him that he had **type 2 diabetes**. The Doctor further told the Plaintiff *that this should have been caught a long, long time ago*. This Defendant finally started treating me for diabetes, but by this time I was already having kidneys and heart problems.

*18)*   All of the Defendants knew that Mr. Prater had chronic diabetes, knew that patients with chronic diabetes should be prioritized for treatment, but denied Mr. Prater treatment which caused him serious medical problems because of their policy to save money.

*19)*   For nearly 24 years—Mr. Prater was denied diabetic treatment by all of the Defendants which caused Mr. Prater to have **"End Stage Renal Disease"** and **"Chronic Heart disease"** which lead to the Plaintiff having to have dialysis treatments three times a week for life and had to have open heart quadruple bypass surgery. On 11/17/2020.

*20)*   Defendants and its high-level officials responsible for medical policy in Florida prisons, were also aware that the medical standard of care to treat chronic diabetes was for accu-checks, pills or insulin and that failure to treat the problem would cause severe medical problems for the Plaintiff.

### END STAGE RENAL DISEASE CONFIRMED

*21)*   On **February 12, 2020**, a **biopsy** of my **kidneys** was performed at Jacksonville    Memorial    Hospital.    **Doctor    Randolph    Hennigar**,

**Nephropathologist**, at Arkana Laboratories, of Little Rock, Arkansas, gave his expert opinion that my kidneys failed due to **diabetic nephropathy**. **Doctor Haider** and **Defendant Toledo** told me that the report states that my Kidneys failed because my diabetes was not treated in a timely manner.

### CHRONIC HEART DISEASE

*22)*   On **November 16, 2020,** I was sent to Jacksonville Memorial Hospital to have a **catheter** placed on my right shoulder for the purpose of receiving **dialysis** for the first time.

*23)*   On **November 17, 2020**, I had a **quadruple bypass surgery** at Jacksonville Memorial Hospital. When I ask **Doctor Fawad N. Khawaja**, surgeon, what caused my severe coronary artery disease, he told me that it was a combination of things that caused the problem—the main one being that my diabetes was not treated for a very long time.

*24)*   All of the **Defendants** knew that I had **type two diabetes** and **back problems**, **shoulder problems** as well as **breathing problems** while sleeping because of the **"End Stage Renal Disease"** and **chronic heart disease**, but, in order to reduce cost of treating me they refused to give me the treatment I needed to help me with my medical problems. Infact, Defendant Llorens lied and stated that there was nothing in my medical record that would indicate that I needed the "back support" or the "45 degree bed wedge".

*25)*   On or about 9/30/22, **Defendant Llorens,** refused to renew my "**back support Pass"** in which I have had since 1985. The Defendant abandoned my treatment plan and stated that there was nothing in my medical record that would indicate that I needed a back support. The Plaintiff is a U.S. disabled Army Veteran that receives a disability check for his back injury. The Plaintiff has needed a back support for work purposes since 1980. In fact, the Plaintiff came to

prison with a back support from the Veterans Administration. Defendants Schouest & Bowden agreed with Defendant Llorens. (Appx: 22-25)

*26)* On 11/16/2021, **Defendant A. Llorens, CHO**, refused to renew my **"45 degree Bed Wedge Pillow Pass"** in which I needed to breath when I sleep at night because I cannot sleep flat because of the fluid content of my body. This is because the Plaintiff is a dialysis patient and his body cannot get rid of the fluid that builds in his body due to his kidney failure. Defendants Schouest & Bowden agreed with Defendant Llorens. (Appx: 36-39).

*27)* On or about 10/21/21, Defendant Llorens refused to renew the Plaintiff's **front handcuff** pass by stating that there is nothing in my medical record that warrants a pass. Almost every time the Correctional officers cuff the Plaintiff behind his back, his should comes out of joint and he receives extreme pain. Defendants Knox, Schouest & Bowden agreed with Defendant Llorens. (See Appx: 26-29).

*28)* On or about 9/30/21, Defendant Llorens refused to honor a Kidney Specialist prescribed medication for pain in which the Plaintiff is in constant pain from his Kidneys, back, shoulder, legs and digestive tract. On a scale from one to ten, the Plaintiff's pain level varies between 4-9. Defendants Schouest & Bowden agreed with Defendant Llorens without investigating the complaint.

*29)* On or about 11/6/21, the Plaintiff filed an ADA Accomadation Request with Defendants for a "Back Support" & Orthopedic Mattress" as allowed for in the settlement of <u>Disability Rights Florida, Inc., v. Julie Jones</u>, Case No. 4:16-cv-47-RH-CAS, Doc. 81, page 25, paragraph 60. The Defendants refused to comply to the agreement. . (See Appx:40-47).

*30)* On or about 9/23/21, the Defendants refused to provide a proper diet to sustain my health concerning my hypoglycemia. The Defendants give me a

**Dialysis diet"** in which I need, however, they refuse to give me a snack between meals to stop me from going hypoglycemic. (See Appx: 5-9).

### The Harm to Mr. Prater

*31)* Defendants delay of treatment for his diabetes for **over 24 years** has caused irreparable damage to Mr. Prater's kidneys and heart.

*32)* Because of the delay in treating Mr. Prater for his diabetes he experiences fatigue, mild depression, brain fog, swelling of the legs, irritable bowel movement, sleep disorder and severe pain in the kidney region and lower back pain.

*33)* Mr. Prater suffers from neuropathy in his feet which causes severe pain and is not being treated by defendants

*34)* The Defendants deliberate indifference to Mr. Prater's serious medical needs has caused his quality of life to substantially deteriorate, has caused permanent kidney and heart damage.

*35)* The willful and deliberate acts of Defendants, in withholding treatment for Mr. Prater, have caused him great physical pain and mental discomfort in his daily activities of living. It has shortened his lifespan and has caused him severe emotional pain and suffering.

*36)* Mr. Prater suffers pain in his right shoulder every time security places handcuffs on him behind his back because Defendants refuse to reissue his front handcuff pass.

*37)* Mr. Prater suffers from continuous hypoglycemia, which causes hunger, nervousness, sweating and faintness.

### Claims for Relief

### COUNT I

**Eighth Amendment Claim Against Defendant Corizon via 42 U.S.C. §1983**

*38)* Plaintiff incorporates and re-alleges paragraphs **1** through **42** as fully set forth herein.

*39)* Although persons are sent to the Florida Department of Corrections for punishment for committing a crime, all of the Defendants, in refusing treatment for Mr. Prater, imposed punishment far in excess of that authorized by law, contrary to the Cruel and Unusual Punishments Clause of the Eighth and Fourteenth Amendments.

*40)* Refusing Mr. Prater lifesaving treatment and allowing his heart & kidneys to deteriorate violated all standards of decency, contrary to the Cruel and Unusual Punishments Clause of the Eighth Amendment, applicable to the states through the Fourteenth Amendment.

*41)* Defendants knew that Mr. Prater suffered from a serious medical needs, and knew that failing to treat him subjected him to a substantial risk of serious harm or an early death.

*42)* Defendants refusal to treat Plaintiff Prater constituted deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth and Fourteenth Amendments.

*43)* Defendants intentional failure to provide Plaintiff Prater with necessary treatment and instead merely monitoring his diabetes by blood test was medical care so cursory as to amount to no medical care at all.

*44)* Defendants provided Mr. Prater with grossly inadequate care.

*45)* As a direct and proximate cause of Defendant's policy, practice, procedures and custom, and deliberate indifference to Plaintiff's serious medical

needs, Plaintiff has suffered, and will to continue to suffer from harm and an early death. All of these Defendants were acting under color of state law.

## COUNT II

### Americans with Disabilities Act Claim Against

*46)*  Plaintiff incorporates and re-alleges paragraphs **1** through **42** as fully set forth herein.

*47)*  This count is brought under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §12131 – 12134, and its implementing regulations.

*48)*  Subtitle A of Title II of the Americans with Disabilities Act (ADA) prohibits public entities from discriminating against persons with disabilities in their programs, services, and activities. 42 U.S.C. §§12131 – 12134. Regulations implementing subtitle A are codified at 28 C.F.R. part 35.

*49)*  The Defendants is a "public entity" within the meaning of 42 U.S.C. §12131(a)(A) and 29 C.F.R. §§35.104 & 35.130(b)(1).

*50)*  Plaintiff Prater is a "qualified individual with a disability" within the meaning of 42 U.S.C. §12101(2) and 28 C.F.R. §35.104, because chronic diabetes, heart disease, and End Stage Renal Disease and degenerative joint disease is a physiological disorder or condition that affects one or more body systems, including but not limited to the digestive, gastrointestinal, immune, circulatory, cardiovascular, and hemic systems, and is therefore a physical impairment.

*51)*  Mr. Prater's chronic Diabetes, Kidney & Heart disease and degenerative joint disease caused permanent kidney & heart damage substantially limits one of or more of his major life activities, including caring for oneself, performing manual tasks, walking, bending, lifting, thinking, concentrating, working, eating, and other digestive functions. 42 U.S.C. §12102(2);  28 C.F.R. §35.108(c).

*52)*  Plaintiff has a record of having an impairment that substantially limits one or more major life activity, as he has a history of such an impairment. 42 U.S.C. §12102(1)(B); 28 C.F.R. §35.108(a)(1)(ii) & (e).

*53)*  Defendants kept a record of Plaintiff Prater's impairment due to his kidney & heart disease and degenerative joint disease, 42 U.S.C. §12102(1)(B); 28 C.F.R. §35.108(a)(1)(ii) & (e).

*54)*  Plaintiff is regarded by Defendants as having an impairment that substantially limits one or more major life activity, as Defendants perceived him as having such an impairment. 42 U.S.C. §12102(1)(C) & (3); 28 C.F.R. §35.108(a)(1)(iii) & (f). Defendants has subjected Plaintiff to a prohibited action because of an actual or perceived physical impairment.

*55)*  Plaintiff was a qualified individual with a disability because he met the essential eligibility requirements for the receipt of services or the participation in programs or activities  provided by , including but not limited to medical services. 42 U.S.C. §12131(2); 28 C.F.R. §35.104.

*56)*  By withholding medical treatment from diabetics, but not withholding medical treatment from those with other disabilities or those who are not disabled, excluded Plaintiff from participation in, and denied him the benefits of, Defendants services, programs, and activities (such as medical services) by reason of his disability. 42 U.S.C. §. §35.130(a).

*57)*  Defendants failed to provide Plaintiff with equal access to and enjoyment of effective medical services. 28 C.F.R. §35.130(b)(1).

*58)*  Defendants utilized criteria or methods of administration that had the effect of subjecting Plaintiff to discrimination and that defeated or substantially impaired accomplishment of the objectives of medical treatment for diabetis, kidney disease and degenerative joint disease. 28 C.F.R. § 35.130(b)(3).

*59)* Insulin and other medications were readily available to Plaintiff during this time period and yet it categorically refused to provide Plaintiff with treatment that the medical community deems essential.

*60)* Defendants knew about the violations described herein but failed to correct them, thereby exhibiting deliberate indifference to the rights of Plaintiff.

*61)* Moreover, Defendants owed Plaintiff a non-delegable duty to ensure that his wellbeing would not be compromised as a result of discrimination based on his disability. Accordingly, Defendants is vicariously liable for the actions of any and all persons or entities designated to care for Plaintiff.

*62)* As a direct and proximate cause of Defendant's actions and omissions, Plaintiff has suffered harm and violation of his ADA rights.

*63)* The Plaintiff rarely goes to any programs because of his medical condition.

## COUNT III

### Rehabilitation Act Claim Against

*64)* Plaintiff incorporates and re-alleges paragraphs **1** through **42** as fully set forth herein.

*65)* This count is brought under Section 504 of the Rehabilitation Act (RA), 29 U.S.C. §701, et. seq. and 29 U.S.C. §791-794, et seq., and its implementing regulations.

*66)* Defendants is a program or activity receiving federal financial assistance within the meaning of 29 U.S.C. §794.

*67)* Defendants excluded Plaintiff—a qualified individual with a disability—from participation in, and denied him the benefits of, programs or activities solely by reason of his disability. 29 U.S.C. §794(a); 29 U.S.C. §705(20); 28 C.F.R. §42.503(a).

*68)*   Defendants subjected Plaintiff—to discrimination. 29 U.S.C. §794(a).

*69)*   Defendants denied Plaintiff—a qualified individual with a disability—the opportunity accorded to others to participate in programs and activities. 28 C.F.R. §42.503(b)(1).

*70)*   Defendants utilized criteria or methods of administration that either purposely or in effect discriminate on the basis of disability, and defeat or substantially impair accomplishment of the objectives of DEFENDANTS's programs or activities with respect to persons with disabilities. 28 C.F.R. §42.503(b)(3).

*71)*   Defendants knew about the violations described herein but failed to correct them, thereby exhibiting deliberate indifference to the rights of Plaintiff.

*72)*   As a direct and proximate cause of exclusion and discrimination, Plaintiff has suffered and continues to suffer from harm and violation of his RA rights.

### Prayer For Relief

**WHEREFORE**, the Plaintiff, Randall Prater, demands judgmwent against all Defendants and request the following relief:

**A.**   A declaration that Defendants have violated Plaintiff's rights under the Eight Amendment and under the ADA and Rehabilitation Act;

**B.**   Compensative damages against all Defendants.

**C.**   Punitive damages against all Defendants.

**D.**   All pre and post judgment interest allowable under law;

**E.**   Attorneys' fees, cost, and expenses of litigation incurred under 42 U.S.C. §12205, 29 U.S.C. §794(a), and 42 U.S.C. §1988;

**F.**   Such other relief that may be appropriate.

### OATH

I declare under penalty of perjury that I have read the above and have and

that the foregoing statements of fact, including any continuation pages, are true and correct. Dated this _____9th_____ day of _____August_____ , **2022**

Randall Prater #099405

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document was sent to the below listed parties

by turning it over to prison authorities to be mailed by pre-paid U.S. First class

mail on this 9th day of August, **2022**.


Clerk of Courthouse
U.S. Middle District
300 North Hogan Street
Jacksonville, Florida 32202

[ORIGINAL]


Randall Prater #099405
Union Correctional Institution
P. O. Box 1000
Raiford, Fla. 32083